In the Matter of SAMUEL L. RUBIN, Petitioner, against J. EDWARD CONWAY et al., Constituting the Civil Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, September 20, 1947.

*Nathaniel L. Goldstein, Attorney-General (John C. Crary, Jr.,* of counsel), for respondents.

*H. Eliot Kaplan* for petitioner.

ELSWORTH, J. The petitioner in this proceeding, brought under article 78 of the Civil Practice Act, has been a patrolman in the Police Department of the Village of Ossining, Westchester County, since 1936. In June, 1946, he took, and successfully passed, a competitive promotion examination conducted by the defendants for the position of sergeant in the Police Department of that Village, and was placed tenth upon the eligible list promulgated by the defendants. Claiming veterans' status for civil service preference purposes, under section 6 of article V of the New York Constitution, as amended, effective January 1, 1946, upon the basis of his enrollment and service as a temporary member of the United States Coast Guard Reserve, the petitioner demanded that the respondents advance his standing upon said promotion list accordingly. Upon their refusal to accede to such demand, this proceeding was instituted to compel by mandatory order the granting of such veterans' status to the petitioner.

The respondents have objected in point of law to the petition, and the issue presented by such objection is whether the petitioner's enrollment in the Coast Guard Reserve as a temporary member thereof, and his service under such enrollment, constitute him " a member of the armed forces of the United States who served therein in time of war " within the meaning of said section 6 of article V of the New York Constitution which provides as follows: " Until December thirty-first, nineteen hundred fifty, but in no event for a period less than five years next following the honorable discharge or release under honorable circumstances of a member of the armed forces of the United States who served therein in time of war, who is a citizen and resident of this state and was a resident at the time of his or her entrance into the armed forces of the United States, he or she shall be entitled, after such disabled members

of the armed forces shall have been first preferred, to similar preference in appointment and promotion. * * * "

The documents annexed to the petition precluding any dispute as to the facts of petitioner's enrollment and service, no such issue, is of course, here raised. It is disclosed thereby that the petitioner enrolled as a chief boatswain's mate on October 9, 1942, for "part-time general duty" not to exceed four days each month, without pay, and was disenrolled as an ensign on September 30, 1945. It appears that he actually and actively served approximately 140 days at various bases and stations in and about the city of New York, and upon three Coast Guard vessels. It further appears that, in time of war, the Coast Guard operates as a part of the United States Navy (U. S. Code, tit. 14, § 1) and that in World War II, during the petitioner's active service therein as a member of its temporary reserve, it was so acting.

In support of their refusal to allow the preference sought, the respondents assert that "temporary enrollers in the Coast Guard Reserve not assigned to full-time active duty were not taken from civilian life or the regular pursuit of their normal civilian occupations, and thus did not serve in the armed forces in time of war as contemplated by the Constitution."

No ground for concurrence in that contention is found in the controlling section of the Constitution above-quoted. Insofar as its preference requirements need presently be considered, the petitioner was called upon to meet just two qualifications, namely, (1) membership in the armed forces of the United States and (2) service therein in time of war. The section places no limitation or restriction upon the kind of membership or degree of service constituting eligibility for preference. To attribute to it the conjectural intent of limitation or restriction as here sought by the defendants, is clearly unwarranted in view of the explicit language used.

Furthermore, the existing authorities rule out the acceptance of the limited construction of the constitutional provision urged by the defendants (see *Mitchell* v. *Cohen*, 160 F. 2d 915; *Petition of Delgado*, 57 F. Supp. 460; *Brown* v. *Cain*, 56 F. Supp. 56). In *Mitchell* v. *Cohen* (*supra*) which held that temporary members of the United States Coast Guard Reserve were "ex-servicemen" within the meaning of the Federal Veterans' Preference Act of 1944 (U. S. Code, tit. 5, § 851 *et seq.*), the court said (pp. 919–920): "That the service of these temporary reservists was part-time is immaterial, both upon the precedents we have cited and upon reason. A man who is in the

service for one week is certainly in the service. One who is there half or a fourth of his time is certainly there for that time. He is a serviceman of some variety. There may be varieties of servicemen, but this statute merely says ' ex-servicemen '."

In *Petition of Delgado* (*supra*) the court in passing upon the question of whether an applicant " serving honorably " as a " temporary member " of the United States Coast Guard Reserve qualified for citizenship said (p. 461) : " The statutes make it abundantly clear that temporary members of the Coast Guard Reserve are members of the naval forces of the United States." And again in *Brown* v. *Cain* (*supra*) in sustaining the relator's claim raised by writ of habeas corpus, that he was immune from State prosecution for killing a man while on guard duty as a member of the Coast Guard Reserve, the court held as follows (p. 58) : " The relator has been since December 21, 1942, an enrolled temporary member of the Coast Guard Reserve, with the rating of Boatswain's Mate, First Class. As such he was a member of the Armed Forces of the United States."

It is concluded that the petitioner was a member of the armed forces of the United States who served therein in time of war, within the meaning of section 6 of article V of the New York State Constitution and as such is entitled to the preference claimed by him.

The defendants' application for dismissal of the petition under their objection in point of law, is denied, and it appearing that no issue exists which may be raised by answer concerning the merits of the petitioner's application, he is granted the relief prayed for.

Submit order.